1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10
11
12

| BENANCIO  RODRIGUEZ, | 1: 07 CV 0050 OWW WMW HC |
|---|---|
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 9] |
| DERRAL ADAMS, | ORDER DENYING CERTIFICATE OF APPEALABILITY |
| Respondent. | |

13
14
15
16
17
18
19
20
21
22
23

        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  In this action, Petitioner seeks to challenge the decision of the Board of Parole Hearings to revoke his parole.  Pending before the court is Respondent's motion to dismiss.

### LEGAL STANDARD

24

JURISDICTION

25
26
27
28

        Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

1   1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

2   the United States Constitution.  In addition, the conviction challenged arises out of California State

3   Prison - Corcoran, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);

4   2241(d).  Accordingly, the court has jurisdiction over the action.

5   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

6   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

7   Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct.

8   586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97

9   F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other*

10  *grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable

11  to cases filed after statute's enactment).  The instant petition was filed after the enactment of the

12  AEDPA, thus it is governed by its provisions.

13  STANDARD OF REVIEW

14  This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

15  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

16  Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

17  The AEDPA altered the standard of review that a federal habeas court must apply with

18  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

19  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

20  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

21  involved an unreasonable application of, clearly established Federal law, as determined by the

22  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

23  determination of the facts in light of the evidence presented in the State Court proceeding." 28

24  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

25  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

26  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

27  concludes in its independent judgment that the relevant state-court decision applied clearly

28  established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,

1    that application must be objectively unreasonable." Id. (citations omitted).

2         While habeas corpus relief is an important instrument to assure that individuals are

3    constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);

4    Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

5    conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

6    Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

7    determinations must be presumed correct, and the federal court must accept all factual findings made

8    by the state court unless the petitioner can rebut "the presumption of correctness by clear and

9    convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

10   (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

11   1388 (9th Cir. 1997).

12

13                                    **DISCUSSION**

14        Respondent moves to dismiss this petition on the ground that Petitioner has not exhausted his

15   state judicial remedies.  Petitioner has not responded to the motion to dismiss.

16        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

17   petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

18   petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5

19   of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be

20   raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The

21   Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the Petitioner failed

22   to exhaust state remedies as a request for the court to dismiss under Rule 4 of the Rules Governing §

23   2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d

24   599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

25   Based on the Rules Governing Section 2254 Cases and case law, the court will review respondent's

26   motion to dismiss pursuant to its authority under Rule 4.

27        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

28   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

1   exhaustion doctrine is based on comity to the state court and gives the state court the initial

2   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

3   U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,

4   1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

5         A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

6   full and fair opportunity to consider each claim before presenting it to the federal court.  Picard v.

7   Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

8   1996).  A federal court will find that the highest state court was given a full and fair opportunity to

9   hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

10  basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.

11  Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner

12  must have specifically told the state court that he was raising a federal constitutional claim.  Duncan,

13  513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998)

14        The court finds that in the present case, Respondent is correct in contending that there is no

15  indication in the petition that Petitioner has filed a petition in any state court or of any attempt by

16  Petitioner to exhaust his state court remedies with regard to his parole revocation.  Relatedly,

17  Petitioner has left blank the section in the form petition regarding exhaustion of administrative

18  remedies.  Because Petitioner did not respond to the motion to dismiss, he did not utilize that

19  opportunity to address the issue of exhaustion.

20        In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No

21  104-132, 110 Stat. 1214.  Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. §

22  2254(b)(C).  The court can also excuse exhaustion if "(i) there is an absence of available State

23  corrective process; or (ii) circumstances exist that render such a process ineffective to protect the

24  rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).  In this case, Respondent has not waived

25  exhaustion.  In addition, California provides avenues for Petitioner to pursue state claims.   For

26  example, these claims could have been presented in a petition for writ of habeas corpus.  See, Cal.

27  Penal Code §§ 1473 - 1475.  Finally, there are not sufficient circumstances in this case for the court

28  to ignore the United States Supreme Court's admonishment that comity demands exhaustion and

1    find that California's corrective processes are ineffective to protect Petitioner's rights.

2         Based on the foregoing, the court must conclude that Petitioner has failed to exhaust his state

3    judicial remedies.  Accordingly, the motion to dismiss will be granted.

4         Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot

5    proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. §

6    2253, provides as follows:

7         (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
          the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
8         which the proceeding is held.
          (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
9         warrant to remove to another district or place for commitment or trial a person charged with a
          criminal offense against the United States, or to test the validity of such person's detention
10        pending removal proceedings.
          (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
11        be taken to the court of appeals from--
          (A) the final order in a habeas corpus proceeding in which the detention complained of arises
12        out of process issued by a State court;  or
          (B) the final order in a proceeding under section 2255.
13        (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made
          a substantial showing of the denial of a constitutional right.
14        (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
          issues satisfy the showing required by paragraph (2).
15

16        In the present case, the court finds no denial of a constitutional right.  Accordingly, a

17   certificate of appealability will be denied.

18

19        Based on the foregoing, IT IS HEREBY ORDERED as follows:

20   1)   Respondent's motion to dismiss the petition for writ of habeas corpus is GRANTED;

21   2)   A certificate of appealability is DENIED;

22   3)   This petition for writ of habeas corpus is DISMISSED for failure to exhaust state judicial

23        remedies;

24   4)   The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

25

26   IT IS SO ORDERED.

27   Dated:   __March 7, 2008__          _____/s/ Oliver W. Wanger_____
                                          UNITED STATES DISTRICT JUDGE
28